UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GENE CAMARATA, | CASE NO. C19-6236RBL |
| Plaintiff, | ORDER |
| v. | |
| MCDONALD'S CORPORATION, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Camarata's Motion to Remand this case to Thurston County Superior Court. [Dkt. # 15]. Camarata claims this Court does not have federal question or diversity subject matter jurisdiction over his claim against Defendant McDonald's.

McDonald's commenced a CentralNic Ltd.[1] "mandatory administrative proceeding" against Camarata over the ownership of the domain name <mcd.us.com>, under CentralNic's Dispute Resolution Policy (CDRP). McDonald's prevailed, and Camarata sued in state court to

---

[1] CentralNic is a U.K.-based private company that apparently owns the "second-level" <us.com> domain name and thus has claimed the right to determine in the first instance who owns various "third-level" domain names using the <us.com> name, such as <mcd.us.com>. Its CDRP administrative proceedings purport to so consistent with CentralNic's published policies.

overturn that administrative order. He does not identify any specific cause of action but vaguely invokes the court's "equitable" power, which was "unavailable" in the administrative proceeding. [Dkt. # 1-2 at 4].

McDonald's timely removed the case here, arguing that the Court had federal question jurisdiction because Camarata's claim necessarily invoked the Lanham Act. See 28 U.S.C. § 1331. It also claimed the Court had diversity jurisdiction because the parties were of diverse citizenship and Camarata had demanded $95,000 to settle this and a related dispute. *See* 28 U.S.C. § 1332.

<mcd.us.com> (and three similar domain names he also registered but which were not part of the CDRP administrative proceeding) (diversity).

Camarata argues that neither the administrative decision he seeks to overturn, nor his complaint, make any reference to the Lanham Act or any other federal law. He concedes he demanded $95,000 but argues that that was for *four*[2] domain names, including <mcd.us.com>, and that only 1/4 of that amount is properly counted toward the Court's $75,000 jurisdictional minimum, in a dispute over only that domain name. He also claims that McDonald's never offered to pay $75,000 or more for the domain names, but that is of no moment.

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the

---

[2] Camarata has since filed a second lawsuit over the other three names. *See Camarata v. McDonald's*, No. CV 20-5044RBL. McDonald's suggests he did so to support his claim that his $95,000 demand should be divided amount the names, and not counted toward the diversity jurisdiction threshold on any one dispute. Camarata claims McDonald's could have avoided multiple suits, by not separating the four domain names into two slightly different administrative proceedings, or by suing Camarata under the ACPA. In any event, the cases are related and pending before this Court. McDonald's request for consolidation is likely to be granted after the Court considers a substantially similar Motion to Remand recently filed there. [*See* Dkt. # 14 in that case].

burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

Nevertheless, McDonald's argues that Camarata either has a Lanham Act claim or he has no claim at all. This is accurate, as the Court is aware from both the authorities cited and the unfortunately growing number of such claims under the Anticybersquatting Consumer Protection Act (ACPA) (a 1999 amendment to the Lanham Act). Camarata's complaint identifies no cause of action; it claims only that he wants to own the domain name and that he timely sued after he lost the administrative proceeding:

> **Cause of Action**
>
> 16. Plaintiff therefore seeks judicial resolution of the dispute with Defendant over the third-level domain name <mcd.us.com> by this Court. This lawsuit is being filed within 10 calendar days of the November 27, 2019 administrative proceeding decision, in order to preserve the status quo of domain name ownership and control, pending trial of this matter.

[Dkt. # 1-2 at 4].

The CDRP policy requiring mandatory administrative proceedings does provide for *de novo* review in a "court of competent jurisdiction." CDRP Policy 4(k); *See* Dkt. 16-1. But it does not provide that the CDRP policy applies there, or otherwise describe how ownership of such a name should be awarded in a given jurisdiction.

McDonald's argues and amply demonstrates that in the U.S., a claim to ownership of a domain name necessarily arises under the—Camarata's claim arises under the ACPA,

specifically 15 U.S.C. § 1114(2)(D)(v), or it does not arise at all. *See* Dkt. # 22 at pp. 5-7, and opinions cited there. Camarata concedes that this statute could apply, but maintains he chose to assert a plain vanilla state law "contract" claim instead. But he has not described or even claimed any contract between the parties. He does not rebut McDonald's authority that ownership of a domain name in this jurisdiction is governed by the ACPA.

Instead, Camarata argues that McDonald's has not cited any opinion denying remand of case like this. But Camarata has not cited any opinion or order remanding a case asserting only a "contract" claim to a domain name following a private, mandatory administrative proceeding. He has perhaps purposefully (or "artfully," as McDonald's claims) cited no authority for his "claim" to ownership of the <mcd.us.com> third-level domain name, and the Court is aware of none.

Whether well- or artfully-pled, Camarata's complaint either asserts an ACPA claim or it asserts no claim at all. It necessarily raises a federal question, and McDonald's removal was proper under 28 U.S.C. § 1331.

Considering this determination, the Court need not address the diversity jurisdiction issue in this Order. Camarata's Motion to Remand [Dkt. # 15] is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of March, 2020.

_____
Ronald B. Leighton
United States District Judge