1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   GENE CAMARATA,                          CASE NO. C19-6236JLR

11                    Plaintiff,              ORDER

12          v.

13   MCDONALD'S CORPORATION,

14                    Defendant.

15                    I.     INTRODUCTION

16          Before the court are two motions:  (1) *pro se* Plaintiff and Counter Defendant

17   Gene Camarata's motion to amend the judgment and seek miscellaneous other relief (Pl.

18   MTAJ (Dkt. # 52)); and (2) Defendant and Counter Claimant McDonald's Corporation's

19   ("McDonald's") motion to amend the judgment (Def. MTAJ (Dkt. # 50)).  Mr. Camarata

20   also filed a surreply seeking to strike aspects of McDonald's reply.  (Surreply (Dkt.

21   # 56).)  The court has reviewed the motions, the submissions filed in support of and in

22   opposition to the motions, the relevant portions of the record, and the applicable law.

1  Being fully advised,[1] the court DENIES Mr. Camarata's motion and GRANTS in part

2  and DENIES in part McDonald's motion.

3  ## II. BACKGROUND

4      Mr. Camarata filed suit in state court under the Anticybersquatting Consumer

5  Protection Act ("ACPA"), 15 U.S.C. § 1125(d), to effectively appeal decisions favoring

6  McDonald's in its Uniform Domain Name Dispute Resolution Policy ("UDRP") and

7  CentralNIC Domain Name Resolution Policy ("CDRP") proceedings.  (*See* Compl. (Dkt.

8  # 1-2) ¶ 16.)  McDonald's removed this case to federal court on December 24, 2019.

9  (Not. of Removal (Dkt. # 1).)  Mr. Camarata, represented by counsel at the time, moved

10  to remand the case to state court.  (Mot. to Remand (Dkt. # 15).)  The court denied Mr.

11  Camarata's motion to remand on March 2, 2020.  (3/2/20 Order (Dkt. # 27).)  Mr.

12  Camarata moved to reconsider this order on March 16, 2020 (MFR (Dkt. # 28)), and the

13  court denied that motion on March 26, 2020 (3/26/20 Order (Dkt. # 30)).

14      McDonald's counterclaimed that Mr. Camarata violated the ACPA and sought

15  immediate implementation of the ordered transfers of the four disputed domain names:

16  "mcd.us.com," "partnersmcd.com," "storesmcd.com," and "usstoresmcd.com."  (Ans.

17  (Dkt. # 2) ¶¶ 30-44.)  Mr. Camarata's attorney then moved to withdraw, which the court

18  granted on May 27, 2020; Mr. Camarata has proceeded *pro se* since then.  (*See* Mot. to

19  Withdraw (Dkt. # 34); 5/27/20 Order (Dkt. # 35).)

20  //

21  _____

22  [1] Neither party requests oral argument (*see* Def. MTAJ at 1; Pl. MTAJ at 1; Def. MTAJ Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

McDonald's filed a motion for summary judgment on February 11, 2021. (MSJ (Dkt. # 41).) Mr. Camarata moved for an extension of time to respond on March 1, 2021. (Mot. for Extension (Dkt. # 44).) The court granted him an extension until March 12, 2021, to oppose McDonald's motion. (3/2/21 Order (Dkt. # 45) at 2.) Despite the extension, Mr. Camarata did not file a response. (*See* Dkt.) The court granted McDonald's summary judgment motion on March 23, 2021, (3/23/21 Order (Dkt. # 48) at 2), and entered judgment the same day (Judgment (Dkt. # 49)). In its order, the court found that McDonald's prevailed on its ACPA counterclaim, which necessarily defeated Mr. Camarata's claim for a declaration of non-infringement. (3/23/21 Order at 9.)

## III.    ANALYSIS

There are two motions pending that seek distinct forms of relief. Thus, the court addresses Mr. Camarata's motion before turning to McDonald's motion.

### A.    Mr. Camarata's Motion

Mr. Camarata styles his motion as one to amend the judgment but additionally seeks other forms of relief, including that the case be remanded back to state court and that he should have received more time to respond to McDonald's motion for summary judgment. (Pl. MTAJ at 1-2.) The court will liberally construe Mr. Camarata's filing as a motion to amend the judgment and as motions to reconsider its previous orders on remand and the extension for his response. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants.").

//

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted). There are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) on the basis of newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) on the basis of an intervening change in controlling law. *Turner*, 338 F.3d at 1063. Demonstrating one of these reasons for is a "high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). A court considering a Rule 59(e) motion is not limited to these four situations, however, and an amendment may "reflect[] the purely clerical task of incorporating undisputed facts into the judgment." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Mr. Camarata has not met the standard articulated above. He has not raised newly discovered or previously unavailable evidence, manifest injustice, or any intervening change in the controlling law. *See Turner*, 338 F.3d at 1063. Instead, he points out one error: He had registered an additional domain name in March 2020, not March 8, 2021.

(Pl. MTAJ at 2 (quoting 3/23/21 Order at 8).) But the judgment was not based on that one fact; in fact, that additional domain name was not even one of the four domain names at issue. (*See* 3/23/21 Order at 8-15.) Thus, Mr. Camarata has not cleared the "high hurdle" for a motion to amend a judgment. *See Weeks*, 246 F.3d at 1236.

Additionally, Mr. Camarata's motions to reconsider are both untimely and unavailing. "Motions for reconsideration are disfavored." *See* Local Rules W.D. Wash. LCR 7(h)(1). A motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." *Id.* LCR 7(h)(2). Ordinarily, the court will deny such motions in the absence of a showing of (1) "manifest error in the prior ruling," or (2) "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id*. LCR 7(h)(1). The court denied Mr. Camarata's motion to remand more than a year ago on March 20, 2020, and the court granted his extension more than two months ago on March 2, 2021. (*See* 3/20/20 Order; 3/2/21 Order.) Indeed, he had already moved for reconsideration of the denial of remand—and the court denied that motion, again, over a year ago. (*See* 3/26/20 Order.) Moreover, Mr. Camarata does not point to any new facts, legal authority, or manifest error in the prior rulings; instead, he reiterates arguments his former attorney had already made. (*See* Pl. MTAJ at 2.) Thus, the court denies Mr. Camarata's motions to reconsider.[2]

//

//

_____

[2] To the extent that Mr. Camarata's motion to amend the judgment is a motion for reconsideration of the court's summary judgment order, the court also denies it as untimely. (*See* 3/23/21 Order; Pl. MTAJ); Local Rules W.D. Wash. LCR 7(h)(2).

**B.    McDonald's Motion**

At the outset, Mr. Camarata moves to strike portions of McDonald's reply that "misleadingly present[]" case law and a footnote that "makes particularly nasty, unprofessional and legally baseless arguments about possible attorney 'ghost-writing' for a pro-se litigant."  (Surreply at 1-2 (citing Reply (Dkt. # 55) at 5 n.2).)  "New arguments may not be introduced in a reply brief," *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992), and a court "need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  If new facts or arguments are introduced in a reply, the nonmoving party may file a surreply requesting that the court strike the material.  Local Rules W.D. Wash. LCR 7(g).  McDonald's raises the issue of "ghost-writing" for the first time in a footnote in its reply, and thus, the court strikes this footnote and will not consider it for the purposes of this motion.  However, the court will not strike McDonald's representation of certain case law, as the court may evaluate the persuasiveness of McDonald's reliance on authority.

Having determined what is properly before it, the court now addresses the merits of McDonald's motion.  McDonald's asks to amend the judgment in four ways:  (1) to require that Mr. Camarata transfer the four disputed domain names to McDonald's; (2) to require that Mr. Camarata transfer additional domain names that include "mcd" or "mcdonalds" to McDonald's; (3) to direct Mr. Camarata to return and delete all misdirected emails; and (4) to admonish Mr. Camarata from registering any new McD domain names.  (Def. MTAJ at 8.)

//

As discussed above, amending a judgment is "an extraordinary remedy which should be used sparingly," usually for the four aforementioned reasons or where the amendment "reflects the purely clerical task of incorporating undisputed facts into the judgment." *Herron*, 634 F.3d at 1111; *see supra* § III.A. Here, the court previously found no dispute as to "McDonald's ownership of the distinctive and valid McD mark, the confusingly similar nature of the [four domain names] to the McD mark, and Mr. Camarata's bad faith intent to profit from the McD mark." (3/23/21 Order at 15.) In other words, the court found that McDonald's had satisfied "the rigorous elements of cyber-squatting under the ACPA" as to those four domain names, and the ACPA specifically authorizes the remedy of turning over the domain names at issue. *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 948 (9th Cir. 2002). Thus, the court, under its "discretion to fashion appropriate relief," will require Mr. Camarata to transfer the four disputed domain names "mcd.us.com," "partnersmcd.com," "storesmcd.com," and "usstoresmcd.com" to McDonalds and admonish him from registering any new McD domain names. *See id.*

However, the court declines to order Mr. Camarata to turn over any other domain name or the misdirected emails that he has received. None of the other domain names were at issue in this suit (*see* Compl.; Ans.), so the court has had no occasion to make any findings under the ACPA regarding these additional domain names (*see* 3/23/21 Order (analyzing elements of ACPA for four disputed domain names)). Furthermore, there is no indication McDonald's has undergone the UDRP or CDRP processes for these additional domain names. Nor has McDonald's provided any authority that supports

injective relief as sweeping as ordering Mr. Camarata to return or delete misdirected emails. (*See* Def. MTAJ; Reply.) The court is unpersuaded that such a broad injunction would be sufficiently "narrowly tailored." *See Lahoti v. Vericheck, Inc.*, 708 F. Supp. 2d 1150, 1169 (W.D. Wash. 2010).

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Camarata's motion to amend the judgment (Dkt. # 52) and GRANTS in part and DENIES in part McDonald's motion to amend the judgment (Dkt. # 50). The court ORDERS Mr. Camarata to transfer the four domain names "mcd.us.com," "partnersmcd.com," "storesmcd.com," and "usstoresmcd.com" to McDonald's within ten (10) days. The court further admonishes Mr. Camarata from registering any new McD domain names.

Dated this 11th day of May, 2021.

_____
JAMES L. ROBART
United States District Judge